Burtis v. Humboldt County Bank.

3. EVIDENCE: irrelevant but harmless.

REVERSED.

---

BURTIS v. THE HUMBOLDT COUNTY BANK *et al.*

| 77 | 103 |
| 97 | 481 |

1. **Fraudulent Conveyance: INNOCENT GRANTEES.** If the vendor of the property in this case be conceded to have transferred it with a fraudulent intent, *held* that the evidence fails to show any participation in or knowledge of that intent on the part of the vendee, and that its title cannot be set aside on that ground.

2. **Agricultural College: LANDS OF: SALE FOR CASH.** Although agricultural college lands are required to be sold on time, in order to provide a fund for the college arising from the interest on the purchase price, the college may nevertheless receive the principal, with a *bonus*, when its interests will be promoted thereby; and where it does receive the principal, it will be presumed that its officers have acted rightly for the best interests of the college.

*Appeal from Humboldt District Court.*—HON. GEORGE H. CARR, Judge.

FILED, JANUARY 31, 1889.

ACTION in chancery to quiet and establish title in plaintiff to a certain tract of land. Upon a trial on the merits plaintiff's petition was dismissed. He now appeals to this court.

*J. C. Raymond*, for appellant.

*P. Finch*, for appellees.

BECK, J.—I. The petition alleges that plaintiff purchased at sheriff's sale, under a judgment against one Williams and wife, the interest which they held in certain land under a lease to them by the agricultural college. It is shown that plaintiff was the assignee of the judgment, and that the wife, to whom the lease was executed, before the suit was commenced in which the judgment was rendered under which plaintiff claims, assigned the lease to Mattison, who, before the judgment was rendered, assigned the lease to the Humboldt County Bank, which procured a patent to be issued to it for the land ; and that the other defendants hold an interest in the land under the bank. It is alleged that these assignments and transfers were made to defeat the creditors of Williams and wife, of which the bank had full notice. The plaintiff asks that defendants' claim and title to the land be set aside, and that it be quieted in plaintiff.

II. There can be no dispute as to the rules of law prevailing in this case ; and we think, after a careful

1. FRAUDULENT conveyance: innocent grantees.

consideration of the evidence, there ought not to be disagreement as to the controlling facts of the case. If it be conceded that Williams and wife by the transfers of the lease intended to defeat their creditors, the evidence fails to show that the bank and the other defendant shared that purpose. The evidence leads to the conclusion that the bank acquired the lease in good faith in payment of a claim it held against Williams and wife. We think that the evidence utterly fails to show that the bank, through its officers or agents, had knowledge of the Williams

Burtis v. Humboldt County Bank.

indebtedness, and their purpose to defeat its collection, if such purpose existed. The consideration paid by the bank to Williams was not far from the real value of their leasehold interest, and, after the amount they were owing on the lands was paid (for it seems the lease was in effect a contract of purchase and sale), the property cost the bank about its full value,—at least there was not such an inadequacy of consideration as would raise a presumption of fraud.

III.   Plaintiff insists that the evidence shows that the defendants held the lease and land under a trust for Williams' benefit. We fail to find support in the evidence for this position. The mere fact that Williams remained in possession of the lands for a time, without more, does not authorize the conclusion.

IV.   It is insisted that the bank cannot hold the land for the reason that by the payment of a *bonus* it procured a deed before the time for its

2. AGRICULTURAL college: lands of: sale for cash.

execution had arrived. Counsel's position is that, as the land is required to be sold on time in order to provide a fund for the college arising from the interest on the purchase price, the bank could not defeat the object of the law by paying the purchase money for the land before it was due. But we think the college could receive the principal when its interest would be promoted thereby; and we are required to presume that the officers of the college acted rightly, and for its interests, which were promoted by the *bonus* paid by the bank, or by other matters not appearing in the record. We reach the conclusion that the judgment of the district court ought to be

AFFIRMED.